## UNITED STATES DISTRICT COURT
## DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES,<br><br>v.<br><br>FRANK RAFARACI,<br><br>Defendant. | Case No. 1:21-cr-00610-DLF |

### STATEMENT OF THE OFFENSE

Pursuant to Federal Rule of Criminal Procedure 11, the United States, by and through its undersigned attorneys, and defendant FRANK RAFARACI ("RAFARACI"), with the concurrence of his attorney, Michael Sherwin, stipulate and agree that the following facts fairly and accurately describe RAFARACI's conduct in the offense to which he is pleading guilty. These facts do not constitute all of the facts known to the parties concerning the charged offense and related conduct. This statement is being submitted to demonstrate that sufficient facts exist to establish that RAFARACI committed the offense to which he is pleading guilty. RAFARACI knowingly, voluntarily, and truthfully admits to the facts set forth below:

1.  From in or around October 2006 until in or around December 2017, Randy Alford ("Alford") was a Marine Liaison Officer for the U.S. Navy's Fifth Fleet in Manama, Bahrain. From in or around December 2017 until in or around July 2020, Alford was a civilian Transportation Specialist for the U.S. Army in the United States. In or around July 2020, Alford returned to his position with the U.S. Navy in Bahrain as a Marine Liaison Officer.

2.  Alford was at all relevant times a civilian employee of the U.S. military and was a "public official" within the definition of Title 18, United States Code, Section 201(a)(1). During

his employment with the U.S. Navy, Alford's official duties included port access approvals and responsibilities for managing U.S. Navy-owned equipment on the pier.

3. RAFARACI is a United States citizen and was the Chief Executive Officer of Company 1, a multi-national corporation with headquarters in Malta. As of March 2021, Company 1 had operating locations in countries across the globe, including the United Kingdom, United Arab Emirates, Singapore, and the United States.

4. Company 1's primary business was "ship husbanding," which is the coordination, scheduling, and direct and indirect procurement of items and services required by ships when they arrived into port. Company 1 provided ship husbanding services to the U.S. Navy, as well as various countries around the world.

5. From at least in or around 2015, through in or around 2021, RAFARACI violated Title 18, United States Code, Section 201; namely, RAFARACI corruptly gave, offered, and promised cash to Alford, with intent to influence official acts, as opportunities arose.

6. In or around June 2001, RAFARACI first met Alford at a business meeting in Bahrain. At that time, Alford was a civilian employee of a private company and not a public official. After this meeting, RAFARACI was impressed with Alford's port services skills and remained in contact with Alford in the hopes of hiring him to work for Company 1. Specifically, in or around May 2004, RAFARACI formally offered an employment contract to Alford. Alford rejected this employment offer by RAFARACI but remained open to discuss this employment at a future date.

7. On or about July 11, 2015, Alford solicited a cash loan via email, which said, "Hello, Hope this e-mail finds you and your family in good health and spirit. Can I please make a loan out to you for $20,000?"

8. In or around August 2015, after this email exchange, RAFARACI met Alford in Bahrain, where RAFARACI gave Alford $20,000, which Alford said he would repay.

9. On or about March 27, 2018, Alford solicited another cash loan in a second email, stating "I wanted to ask you for your help again, if possible. I need to barrow [sic] $13,500, my wife need emergency surgery cause me to fallen behind my young son college tuition. I will pay you as soon as possible."

10. On or about May 6, 2018, Alford met RAFARACI in Miami, Florida, where RAFARACI provided Alford with $13,500, which Alford said he would repay.

11. While the primary purpose of RAFARACI's two payments to Alford was for RAFARACI to solicit and secure Alford's future employment with Company 1, RAFARACI also provided the aforementioned payments to Alford with the ancillary purpose and intent to induce and influence Alford in performance of some official act, for the benefit of RAFARACI, at some future date and time.

Respectfully submitted,

JOSEPH S. BEEMSTERBOER
Acting Chief, Fraud Section
Criminal Division
IL Bar # 628096

By:

/s/_____
Justin D. Weitz, NY Bar 5027966
Principal Assistant Chief, Fraud Section
Michael P. McCarthy, D.C. # 1020231
Lauren Archer, MD # 1412160028
Trial Attorneys, Fraud Section
Criminal Division
United States Department of Justice
1400 New York Avenue, N.W.
Washington, D.C. 20005
(202) 598-8084 (Weitz)

Justin.Weitz@usdoj.gov
(202) 305-3995 (McCarthy)
Michael.McCarthy2@usdoj.gov

## DEFENDANT'S ACCEPTANCE

The preceding Statement of Offense is a summary, made for the purpose of providing the Court with a factual basis for my guilty plea to the charge against me. It does not include all of the facts known to me regarding this offense. I make this statement knowingly and voluntarily and because I am, in fact, guilty of the crime charged. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this Statement of Offense fully.

I have read every word of this Statement of the Offense or have had it read to me. Pursuant to Federal Rule of Criminal Procedure 11, after consulting with my attorney, I agree and stipulate to this Statement of the Offense and declare under penalty of perjury that it is true and correct.

Date: 20 April 2022

Frank Rafaraci
Defendant

## ATTORNEY'S ACKNOWLEDGEMENT

I have read this Statement of the Offense and have reviewed it fully with my client. I concur in my client's desire to adopt and stipulate to this Statement of the Offense as true and accurate.

Date: 4/20/22

Michael R. Sherwin
Counsel for Frank Rafaraci